A94A0753. WILLIAMS v. THE STATE.
A94A0754. HERRING v. THE STATE.
A94A0755. WILSON v. THE STATE.
(443 SE2d 534)

BIRDSONG, Presiding Judge.
Deon Williams, Enorris L. Herring, and Cedric Wilson were

jointly tried before a jury and found guilty of aggravated assault, possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon. Each appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdicts of guilt. Their separate appeals, arising from that joint trial, are consolidated for disposition by this opinion.

The evidence presented showed that after a man was wounded in a drive-by shooting in Moultrie, Georgia, the three appellants were arrested in Miami Shores, Florida, when they fled from a car that was stopped by the police, in part, because it matched the description and license tag of the car used in the drive-by shooting. The three appellants were identified as having participated in the shooting in Moultrie and a .38 caliber bullet that was taken from the scene of the shooting was identified by a ballistics expert as having been fired from a .38 caliber pistol that was found near where appellants were apprehended in Florida.

All appellants contend the trial court erred by admitting in evidence, over their timely objection, the .38 caliber pistol identified as having been used in the offenses charged. Wilson also asserts the general grounds and Williams and Herring allege the evidence was insufficient to sustain their convictions under the *Jackson v. Virginia* (443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)) standard. Herring further asserts that there was a fatal variance between the indictment and the proof at trial and the trial court failed to charge on two purported lesser included offenses. *Held*:

### Case Nos. A94A0753, A94A0754, A94A0755

1. All appellants allege the trial court erred by admitting the .38 caliber pistol in evidence because the pistol was not properly identified. A "weapon may be admissible if the identification is sufficient to allow the jury to decide, under the evidence relative to identification, whether it is the identical weapon used by the defendant." *Dunn v. State*, 263 Ga. 343, 345 (434 SE2d 60). Here an officer from Miami Shores testified that he stopped a car matching the description of the one involved in the drive-by shooting, that three men who were identified by the victim as the men who participated in the shooting fled from the car, that the officer made an in-court identification of appellants as the men who fled from the car, that a box of .38 caliber ammunition was found in the car, that he found the pistol near the path of the men who fled from the car and near where one of the men fell, that the officer testified that the pistol was the one that he saw on the ground, and the officer identified a photograph taken at the scene as that of the pistol. Further, the evidence showed that the photograph was received from the Miami Shores Police Department with the pis-

tol that was received in evidence. Moreover, the pistol was the same caliber as one of the weapons used in the shooting and a ballistics expert testified that a bullet taken from the scene of the shooting was fired from the pistol introduced in evidence. This identification was sufficient to authorize the jury to decide whether the pistol admitted in evidence was the weapon used by appellants. Id. Accordingly, the trial court did not err by admitting the pistol in evidence.

2. Appellants also contend the evidence was insufficient to sustain their convictions. "Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the [defendants] guilty of the crimes for which [they were] convicted beyond a reasonable doubt. *Jackson v. Virginia*, [supra]; *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980)." *Witherspoon v. State*, 262 Ga. 2 (412 SE2d 829). Therefore, appellants' assertions to the contrary are without merit.

### Case No. A94A0754

3. Herring separately contends there was a fatal variance between the allegation in the indictment that the assault was upon Dafene Mussottee and the proof presented at trial. Even though the record shows the indictment alleges an "assault upon the person of Dafene Mussottee a/k/a James Bryant" and the transcript shows that the victim testified that he was James Bryant and had never been known as Dafene Mussottee, there was no fatal variance. Others testified that the victim was known as Dafene Mussottee and one police officer testified that when the officer interviewed him, the victim responded to both Dafene Mussottee and James Bryant. Consequently, there was no variance between the allegation and the proof. Moreover, since Herring was informed of the charge against him, there is no indication that he was surprised by the evidence, and he is protected against another prosecution for this offense; there was also no fatal variance as a matter of law. *Shackelford v. State*, 179 Ga. App. 595, 596-597 (347 SE2d 346). This enumeration of error is also without merit.

4. Herring further contends the trial court erred by refusing to give his requested charge on the lesser included offense of terroristic acts (OCGA § 16-11-37 (b) (2)) because the jury could have found from the evidence that he was guilty only of shooting at the car in which the victim was sitting. Although this argument may have merit in an appropriate case, there is no evidence that Herring was merely firing at an occupied vehicle. Instead, Herring's sole defense was that he was at his cousin's house and not at the scene of the shooting. Consequently, the trial court did not err by refusing to give this charge as the evidence did not reasonably raise the issue that Herring

may have been guilty of the lesser crime. *Alvarado v. State*, 194 Ga. App. 781, 782 (391 SE2d 668); *Herndon v. State*, 187 Ga. App. 77, 78 (369 SE2d 264). Compare *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550): A written request to charge on a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense.

5. Herring further contends the trial court erred by refusing to give a timely written requested charge on the lesser included offense of pointing a weapon at another (OCGA § 16-11-102). His argument on this issue is as follows: "Based on the same argument and citation of authority as set forth in Section II (C) of this brief, which argument and citation of authority is by this reference incorporated herein, the appellant respectfully submits that the trial court erred in failing to give this request to charge." Since none of the arguments supporting the previous enumeration of error mentions this issue, we find that Herring has abandoned this issue. Court of Appeals Rule 15 (c); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564). Moreover, this argument is without merit for the reason stated in Division 4, supra.

*Judgments affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 2, 1994.

*Short, Fowler & Castellow, David E. Mullis*, for Williams.
*Kirbo & McCalley, Thomas L. Kirbo III*, for Herring.
*J. Michael Mullis*, for Wilson.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.