### A99A0870. KENYADA v. THE STATE.
(521 SE2d 408)

RUFFIN, Judge.

A jury convicted Kareem Kenyada of two counts of criminal attempt to commit armed robbery, four counts of aggravated assault, one count of obstruction of an officer, and one count of possession of a firearm during the commission of a crime. Following the denial of his motion for new trial, Kenyada appeals. For reasons which follow, we affirm.

On appeal, the evidence must be viewed in a light most favorable to the verdict, and Kenyada no longer enjoys the presumption of innocence. *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998). The evidence, when viewed in that manner, established that at about 10:45 p.m., A. J. Ross and Calvin Owens exited a Target store on Covington Highway. Just as they were entering Ross' vehicle, Kenyada suddenly approached and fired a single shot which struck the car. Kenyada ordered the victims "to get out [of] the f—ing car," then fired another shot which grazed Owens' ear. Disregarding the command, Ross drove off. Although badly shocked, Owens fled to a nearby store and sought help from Officer J. P. Craft. Officer Craft then broadcast a description of the perpetrator and joined in a search.

Minutes later, Kenyada attempted to steal another car from the parking lot of a nearby night club on Covington Highway. As James Curry and Mitzi Green were seated in Curry's vehicle with the engine running, Kenyada tapped on the right front side window, pointed his chrome .380 handgun at Green and demanded that they get out. Green started to comply, but Curry instructed her to remain seated. When Curry attempted to drive away, Kenyada fired into the vehicle, narrowly missing Green's head as she ducked, but shattering Curry's kneecap. Green testified, "[b]y the grace of God the bullet did not hit me in my head." Curry dialed 911 on his cellular phone and

awaited emergency assistance at a nearby service station. The description provided by these victims corresponded with the earlier description given by the victims of the incident at Target.

Off-duty Detective D. L. Smith heard the gunshots at the Target store and, based on the broadcast lookout, began searching for the perpetrator. After observing a man who matched the description walking in the area, Detective Smith alerted uniformed officers. When Officers Craft and Mark Johnson spotted Kenyada, they asked him to stop and remove his hands from his pockets. Instead, Kenyada darted across Covington Highway, and the officers gave chase. Kenyada was finally tackled but resisted arrest and attempted to pull something from his pocket. During the struggle, Detective Smith managed to retrieve a .380 automatic pistol from Kenyada's pocket. In Kenyada's wallet, police found a pawn shop receipt in Kenyada's name for $99.95 for the purchase of this pistol.

A Georgia Bureau of Investigation firearms expert from the State Crime Lab examined the bullet surgically removed from Curry's leg and the two .380 shell casings found in the Target parking lot. By test firing Kenyada's weapon, the expert determined that the bullet and casings had been fired from the Davis .380 pistol taken from Kenyada. Curry, who had been shot in the kneecap, and Officers Craft and Johnson identified Kenyada at trial. Green recognized the .380 pistol as the one that had been pointed and fired at her. Two other victims testified that the .380 pistol found in Kenyada's pocket appeared to be the gun used against them.

In his sole enumeration or error, Kenyada challenges the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Kenyada contends that the inability of three of the four victims to successfully identify him as the perpetrator precluded a verdict of guilty.

As long as there is some competent evidence, even though controverted, to support each fact essential to the State's case, a jury's verdict will be upheld. *Taylor v. State*, 235 Ga. App. 323, 324 (1) (509 SE2d 388) (1998). Here, the evidence established that Kenyada fired shots at four victims in two separate attempted car jacking incidents occurring within minutes of each other. One victim escaped on foot and the others in their vehicles. *Lewis v. State*, 215 Ga. App. 161, 163 (2) (450 SE2d 448) (1994) (flight by terrified victim can satisfy element of reasonable apprehension of immediately receiving violent injury); *Cavender v. State*, 208 Ga. App. 61, 62 (1) (429 SE2d 711) (1993) (firing single shot at two persons in vehicle authorized conviction for aggravated assault as to both individuals). An expert firearms examiner linked Kenyada to both incidents, determining that the shell casings found at the scene of the first crime as well as the bullet removed from the leg of the victim of the second incident had

been fired from the .380 pistol owned by Kenyada. *Williams v. State,* 213 Ga. App. 119, 120-121 (1), (2) (443 SE2d 534) (1994). Shortly after the commission of these crimes, after disobeying the commands of uniformed officers and attempting to flee, Kenyada was arrested in possession of the firearm used in the attempted car thefts and the aggravated assaults. *Gill v. State,* 229 Ga. App. 462, 463-464 (2) (494 SE2d 259) (1997) (defendant's flight may be some evidence of guilt); see *Leckie v. State,* 231 Ga. App. 760, 761 (500 SE2d 627) (1998). This evidence was sufficient within the meaning of *Jackson v. Virginia,* supra, to sustain Kenyada's convictions for attempted armed robbery, aggravated assault, obstruction, and possession of a firearm during the commission of a crime. *Hash v. State,* 226 Ga. App. 643 (487 SE2d 452) (1997); *Thomas v. State,* 172 Ga. App. 70 (321 SE2d 808) (1984). Accordingly, we affirm the judgment of conviction.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 29, 1999.

*Jennifer A. Jones,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Priscilla E. N. Carroll, Assistant District Attorneys,* for appellee.