A99A2473. GAFFORD v. THE STATE.
(523 SE2d 336)

McMURRAY, Presiding Judge.

A Newton County jury convicted defendant of aggravated assault, family violence battery, and reckless conduct. The trial court denied his motion for new trial, as amended. He now appeals, contending the evidence was insufficient to support his conviction of aggravated assault, he received ineffective assistance of counsel, his

sentence was disproportionately severe, and the trial court improperly considered the presentence report in aggravation. *Held*:

1. We first consider the sufficiency of the evidence to support defendant's conviction of aggravated assault. On appeal from a criminal conviction, this court neither weighs the evidence nor determines witness credibility, but simply determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). The defendant no longer enjoys the presumption of innocence, and we construe the evidence in the light most favorable to upholding the verdict. Id.

The evidence shows that defendant became angry when his female friend, Tonya Thompson, told him she had been unfaithful while he had been away. Holding a knife to her throat, he ordered her to the love seat of the mobile home in which they lived. There defendant sat on her legs and hit her in the head five to six times using his closed fists, nearly rendering her unconscious. Thompson's 17-month-old son ran to her as the defendant hit her. Defendant moved aside and then pulled them both up and threw them to the floor. Thompson's son slid free as she hit the floor, and the defendant began kicking her in the lower back, stomach, ribs, and head with his shoes-clad feet.

Dr. Frank Brown, a physician specializing in emergency medicine, testified that Thompson's injuries, which included two black eyes, multiple abrasions, and a closed head injury, could have resulted in serious injury to her eyes and kidneys.

The indictment alleged that defendant assaulted Thompson "by kicking her in the head and shoulder area and by striking her with his hands and feet, which, when used offensively against a person, are likely to result in serious bodily injury. . . ."

> The pertinent essential elements of aggravated assault are: (1) an assault on a person as defined in OCGA § 16-5-20 and (2) with use of a deadly weapon or an object which when used offensively against a person is likely to or actually does result in serious bodily injury. OCGA § 16-5-21 (a) (2).

*Jay v. State*, 232 Ga. App. 661, 662 (1) (503 SE2d 563). Notwithstanding defendant's argument to the contrary, it is unnecessary that the indictment further alleges that defendant used his hands and feet as deadly weapons in that subsection (a) (2) of the foregoing statute is expressed in the disjunctive. Id. "Although hands, feet, and a telephone receiver are not deadly weapons per se, 'a jury may find them to be deadly depending upon their use, wounds inflicted, and other surrounding circumstances.' [Cits.]" *Wheeler v. State*, 232 Ga. App.

749-750 (503 SE2d 628). "[W]hether the instrument used constitutes a deadly weapon is properly for the jury's determination." *Quarles v. State*, 130 Ga. App. 756, 757 (2) (204 SE2d 467).

Neither is the indictment deficient as the defendant asserts for failure to allege intent to injure. "[I]ntent to injure is not an element of aggravated assault with a deadly weapon when the assault element is predicated on OCGA § 16-5-20 (a) (2). [Cits.]" *Jay v. State*, 232 Ga. App. at 662 (1), supra. See also *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (if material, intent must be alleged in indictment). Accordingly, there was sufficient evidence for a rational trier of fact to find defendant guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, supra; *Jay v. State*, 232 Ga. App. at 662 (1), supra.

2. Defendant challenges the effectiveness of counsel in failing to: (a) provide the State discovery of certain letters written defendant by Thompson (the victim) after the instant offenses, impairing his ability to cross-examine her or tender the letters in evidence, (b) challenge Dr. Brown as an expert witness in that he was "without any knowledge of the physical altercation which occurred," (c) offer evidence at defendant's hearing on sentence apart from the terms of defendant's offer to plead guilty, and (d) move for a directed verdict at the close of the State's case. Only the first of the foregoing ineffectiveness claims is not raised for the first time on appeal. We thus address it alone. *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (failure to seize opportunity to raise issue of ineffectiveness at earliest practicable opportunity creates procedural bar to assert the issue later).

At the hearing on the motion for new trial, as amended, trial counsel testified that his failure to provide the State Thompson's letters to defendant was consistent with his trial strategy not to tender the letters in evidence but to address them selectively upon cross-examining Thompson to avoid prejudice to the defendant. In other testimony, he indicated he had successfully done so.

To establish a claim of ineffectiveness, a defendant must show that:

> trial counsel's performance was deficient and but for the deficiency there was a reasonable probability the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Absent a showing of such prejudice, we need not inquire into counsel's alleged deficiency. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

*Ledbetter v. State*, 234 Ga. App. 380, 382 (2) (506 SE2d 699). In the instant circumstances, defendant has done no more than show that trial counsel sought to use Thompson's letters at trial to the extent they were favorable to him — on its face a legitimate trial strategy. Moreover, "[c]ounsel's decisions on matters of tactic[s] and strategy, even if unwise, do not amount to ineffective assistance of counsel. [Cits.]" *Scott v. State*, 238 Ga. App. 258, 260 (2) (518 SE2d 468). Certainly defendant has not established that had counsel taken the steps necessary to tender Thompson's letters in evidence his chances of acquittal would have improved. This was insufficient to satisfy his burden to establish the required prejudice. See *Johnson v. State*, 199 Ga. App. 67, 69-70 (404 SE2d 139). This enumeration of error is therefore without merit.

3. In two enumerations of error, defendant challenges the severity of his sentence for aggravated assault. In particular, he argues that his sentence of 20 years to serve (15 years to be served in confinement) and ancillary fines was "cruel and unusual" punishment, as disproportionate to sentences imposed against others convicted of similar offenses and to sentences upon guilty pleas for like charges. This claim of error is without merit.

The punishment of which defendant complains does not exceed that which is authorized by law. OCGA § 16-5-21 (b). As a consequence, it does not violate the constitutional ban on cruel and unusual punishment. *Chappell v. State*, 164 Ga. App. 77, 79 (4) (296 SE2d 629). Further, because the sentence is within the applicable statutory limits we lack authority to modify it. *Morgan v. State*, 197 Ga. App. 397 (398 SE2d 866). " ' " 'Any question as to the excessiveness of a sentence, which in this case was within the legal limits, should be addressed to the appropriate sentence review panel.' (Cits.)" [Cits.]' *Gordon v. State*, 190 Ga. App. 414 (1) (379 SE2d 221) (1989)." *Thomas v. State*, 199 Ga. App. 818 (406 SE2d 811).

4. In his final enumeration of error, defendant contends the trial court improperly considered the presentence report in aggravation rather than for determining whether to probate the sentence. This claim of error, however, is waived as not raised and ruled on in the trial court. See *Noble v. State*, 220 Ga. App. 155, 159 (2) (469 SE2d 307), citing *Howard v. State*, 172 Ga. App. 83, 84 (2) (321 SE2d 815).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 5, 1999.

*Terry N. Massey*, for appellant.

*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney*, for appellee.