## A01A1883. MALLON v. THE STATE.
### (557 SE2d 409)

ELLINGTON, Judge.

After a bench trial, Daniel William Mallon was convicted of battery, OCGA § 16-5-23.1 (a); aggravated assault, OCGA § 16-5-21 (a) (2); and terroristic threats, OCGA § 16-11-37 (a). Following the denial of his motion for new trial, Mallon appeals, contending that the trial court erred in failing to ensure that he knowingly and voluntarily waived his right to a jury trial and admitted his guilt as to the

battery and terroristic threats charges, that the trial court erred in admitting evidence of the victim's out-of-court statements, that the evidence as to the aggravated assault charge was insufficient to convict, that his trial counsel provided inadequate representation, and that the sentence was excessive. We affirm the convictions and remand for a hearing on the ineffective assistance of counsel claim.

A Gwinnett County grand jury indicted Mallon on multiple counts arising out of two separate incidents of domestic violence. In the first incident, on August 1, 1999, Mallon and the victim left a bar together to return to their residence. The two argued in the car, and Mallon, who was driving, struck the victim with his hand and bit her on the arm, leaving visible marks. In the second incident, on December 27, 1999, the two argued at their residence, and Mallon repeatedly struck the victim with his fists, caused her head to strike a counter, and ripped off her nightclothes. The victim sustained two egg-sized lumps on her forehead and various other scrapes and bruises. Barely clothed, the victim fled to a neighbor's house, yelling, "He's going to kill me." After police arrived at the couple's residence, Mallon called from another location and threatened to kill the victim.

The trial court consolidated the two incidents for trial. Mallon requested a bench trial. He presented a defense that, in essence, admitted guilt on the battery charge, as to the first incident, but argued against the more serious charge of kidnapping with bodily injury. Similarly, as to the second incident, Mallon admitted guilt on charges of simple assault and terroristic threats, but argued against the more serious charges of aggravated assault. The trial court convicted Mallon of battery as to the first incident and aggravated assault and terroristic threats as to the second incident, based largely on Mallon's admissions about the incidents. At sentencing, Mallon asked for leniency based on his diagnosed mental illness, his drug dependency, and his lack of any criminal history. The trial court sentenced Mallon to twenty years on the aggravated assault charge and five years probation on the terroristic threats charge to run consecutive, for a total of twenty-five years (fifteen years in prison followed by ten years probation), and twelve months on the battery charge, to run concurrently with the other sentences.

Mallon's trial counsel handled his motion for new trial, asserting the general grounds as to the aggravated assault charge only; the trial court decided the motion without a hearing. Mallon's trial counsel filed a notice of appeal. New retained counsel represents Mallon on appeal and first entered his appearance by filing a motion to remand.

1. Mallon contends that his trial counsel's conduct in requesting a bench trial and admitting some of the allegations in the indictments amounted to a de facto guilty plea which required the trial

court to ensure that he knowingly and voluntarily waived the many rights inherent in his not guilty plea, including his right to a jury trial. Mallon argues that the trial court erred in failing to comply with Uniform Superior Court Rule 33 as required when a court accepts a guilty plea. Mallon contends his appeal should be remanded for an evidentiary hearing on the voluntariness of his "plea." The record shows that Mallon entered pleas of not guilty to all charges and put the State to its proof. Mallon, through his trial counsel, cross-examined the State's witnesses and put up evidence in his defense, including his own testimony. We will not blur the line between entering a guilty plea and admitting facts at trial. The trial court was not required to comply with the procedures for accepting a guilty plea unless and until Mallon, through his counsel, expressed an intention to formally enter a guilty plea. USCR 33. See Division 5, infra.

2. Mallon contends the trial court erred in admitting evidence of the victim's out-of-court statements. Over objection, the investigating officer testified to the contents of the victim's tape-recorded statement given the day after the August 1, 1999 incident, and the court received into evidence the victim's written statement given the night of the December 27, 1999 incident. When considering an appeal from a nonjury trial, we presume that the trial court selected and considered only the legal evidence and will reverse the trial court only where there is no legal evidence to support the trial court's ruling. *In the Interest of C. G. B.*, 242 Ga. App. 705, 711 (4) (531 SE2d 107) (2000). Here, there was ample admissible evidence supporting the trial court's determination. Thus, we find no reversible error.

3. Mallon contends the evidence as to the aggravated assault charge was insufficient to convict.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the [factfinder's] verdict, and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia,* [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)].

*Reeves v. State*, 244 Ga. App. 15, 17 (1) (a) (534 SE2d 179) (2000). The trial court convicted Mallon of the count of the indictment charging him with assaulting the victim with "his hands, which, when used offensively against another person results in serious bodily injury, by striking said person in the head, thereby placing said person in reasonable apprehension of immediately receiving a violent injury." See

OCGA §§ 16-5-20 (a) (2); 16-5-21 (a) (2).[1] While hands are not considered deadly weapons per se within the meaning of OCGA § 16-5-21 (a) (2), the factfinder may — and in this case, did — find them to be so depending on the circumstances surrounding their use, including the extent of the victim's injuries. *Dixon v. State*, 268 Ga. 81, 82 (1) (485 SE2d 480) (1997); *Gafford v. State*, 240 Ga. App. 251, 252 (1) (523 SE2d 336) (1999). Furthermore, flight by a terrified victim can — and in this case, did — satisfy the element of reasonable apprehension of immediately receiving violent injury. *Kenyada v. State*, 239 Ga. App. 438, 439 (521 SE2d 408) (1999); *Lewis v. State*, 215 Ga. App. 161, 163 (2) (450 SE2d 448) (1994). The evidence was sufficient beyond a reasonable doubt to support the guilty verdict. *Jackson v. Virginia*, supra.

4. Mallon contends the sentence was excessive. The punishment of which Mallon complains does not exceed that which is authorized by law. OCGA §§ 16-5-21 (i); 16-5-23.1 (c), (f) (1); 16-11-37 (c); 17-10-3. "[B]ecause the sentence is within the applicable statutory limits we lack authority to modify it. Any question as to the excessiveness of a sentence, which in this case was within the legal limits, should be addressed to the appropriate sentence review panel." (Citations and punctuation omitted.) *Gafford v. State*, 240 Ga. App. at 254 (3).

5. Mallon contends his trial counsel provided inadequate representation and that his appeal must be remanded for an evidentiary hearing on that claim. Mallon's brief fails to specify counsel's alleged deficiencies. We conclude, however, that his claim of ineffective assistance of trial counsel is one which "cannot be decided as a matter of law upon the existing record." *Gomillion v. State*, 236 Ga. App. 14, 15 (1) (512 SE2d 640) (1999). See Division 1, supra. Furthermore, "the record supports appellate counsel's contention that direct appeal was the first opportunity to raise [this] claim." Id. See *Smith v. State*, 263 Ga. 224, 225 (3) (430 SE2d 579) (1993) (an ineffectiveness claim may be raised for the first time in a direct appeal if the direct appeal marks the first appearance of new counsel). Therefore, having entered judgment on the appeal as to the claims raised pursuant to the denial of the motion for new trial, we remand to the trial court solely for a determination of the ineffectiveness claim. If the trial court finds that Mallon did not receive effective assistance of counsel, a new trial is required. If the trial court finds that Mallon did have effective assistance, he shall have 30 days in which to initiate an

---

[1] OCGA § 16-5-21 (a) (2) provides: "A person commits the offense of aggravated assault when he or she assaults [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."

appeal of the trial court's ruling on the issue. *Jackson v. State*, 244 Ga. App. 477, 478 (2) (535 SE2d 818) (2000).

*Judgment affirmed and case remanded with direction. Johnson, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 28, 2001 —
RECONSIDERATION DENIED DECEMBER 14, 2001.

*Thompson, O'Brien, Kemp & Nasuti, Scott L. Dix, John A. Pickens,* for appellant.

*Daniel J. Porter, District Attorney, Traci R. Soderberg, Assistant District Attorney,* for appellee.