## A03A1455. LEWIS v. THE STATE.
(587 SE2d 245)

RUFFIN, Presiding Judge.

Monoleto Lewis was indicted for aggravated assault and aggravated battery. Following a trial, a jury found him guilty of aggravated assault and simple battery, a lesser included offense of aggravated battery. On appeal, Lewis contends that the trial court erred in failing to direct a verdict on the aggravated assault charge. Lewis also asserts that the trial court erred in sentencing him as a recidivist. For reasons that follow, we affirm.

1. In his first enumeration of error, Lewis argues that the trial court erred in denying his motion for directed verdict "Due to the Insufficiency of the Evidence Presented at Trial." In addressing this claim, "[w]e view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]

Viewed in this light, the evidence shows that on February 28, 1998, Lewis learned that his aunt, Christine Tilman, had been involved in an automobile collision. Lewis and four of his male relatives drove to the scene of the collision. One of the men began yelling at Cheri Underwood, the driver of the car that caused the collision, and started throwing rocks at her car. Ms. Underwood called home, and her father, Alfred Hinkle, and her husband drove to the scene of the collision. After telling his daughter that the men would not bother her anymore, Hinkle and his son-in-law walked toward the men. Before Hinkle said a word to the men, Lewis punched him in the face, shattering his nose. The injury was so severe that Hinkle underwent surgery to reconstruct his nose using a bone graft from his skull.

Lewis was charged with aggravated assault for "unlawfully mak[ing] an assault upon the person of Alfred Hinkle with his hands and fists, objects which when used offensively against a person are likely to and actually did result in serious bodily injury, by striking him [in] the face."[2] "While hands are not considered deadly weapons per se . . . the factfinder may . . . find them to be so depending on the circumstances surrounding their use, including the extent of the victim's injuries."[3] Here, given the extent of Hinkle's injuries, the jury certainly was authorized to find him guilty of aggravated assault.[4]

---

[1] (Punctuation and footnote omitted.) *Eason v. State*, 261 Ga. App. 221 (1) (582 SE2d 194) (2003).

[2] See OCGA § 16-5-20 (a) (2).

[3] See *Mallon v. State*, 253 Ga. App. 51, 54 (3) (557 SE2d 409) (2001).

[4] See id.

Although Lewis' enumeration of error challenges the sufficiency of the evidence, the bulk of his argument deals not with the sufficiency of the evidence, but with merger. The crux of Lewis' complaint is that, because the evidence demonstrates he struck the victim only once, the trial court should have merged the aggravated assault charge into the simple battery conviction. However, "[a] party cannot use his brief to expand his enumerations of error to include issues or rulings not raised in the enumerations of error."[5] Thus, we are precluded from addressing this argument.[6]

2. During the sentencing hearing, the State presented a certified copy of a prior conviction from Tennessee for aggravated assault.[7] The prosecutor characterized the offense as "violent assault" and asked the trial court to sentence Lewis as a recidivist under OCGA § 17-10-7 (a). The trial court then sentenced Lewis to the maximum sentence of 20 years on the aggravated assault charge.[8] On appeal, Lewis argues that the trial court erred in sentencing him as a recidivist.

OCGA § 17-10-7 (a) provides, in pertinent part, that

> any person convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense.

Thus, before a defendant can be sentenced under this provision based upon a foreign conviction, the State must prove that the conviction was for conduct that would also constitute a felony in Georgia.[9]

Here, the documents from Tennessee regarding Lewis' prior conviction contain no details regarding the conduct that gave rise to the aggravated assault charge. The only information provided is that Lewis pled guilty to the crime. Under Tennessee law, a person may

---

[5] *Gunsby v. State*, 248 Ga. App. 18, 22 (3) (545 SE2d 56) (2001).

[6] See id. Moreover, under OCGA § 16-1-7 (a) (1), the simple battery would have merged with the aggravated assault, not vice versa. See *Echols v. State*, 167 Ga. App. 307, 309 (306 SE2d 324) (1983) ("[D]efendant's 'conviction' of the lesser offense of simple battery . . . would have merged into the greater offense of aggravated assault.").

[7] The State also tendered a copy of a misdemeanor conviction.

[8] The trial court sentenced Lewis to ten years in prison followed by ten years on probation. Additionally, the trial court sentenced Lewis to 12 months in prison on the misdemeanor battery charge to be served concurrently with the sentence for aggravated assault. Lewis does not challenge his misdemeanor sentence on appeal.

[9] See *Woodson v. State*, 242 Ga. App. 67, 70 (4) (530 SE2d 2) (2000).

be convicted of aggravated assault if that person "who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault."[10] It is possible that Lewis was convicted under this provision, and this conduct may not constitute a felony in Georgia. It follows that the State failed to sustain its burden under OCGA § 17-10-7 (a).[11] Accordingly, we vacate Lewis' sentence for aggravated assault and remand for resentencing.[12]

*Judgment of conviction affirmed. Felony sentence vacated and case remanded for resentencing. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 5, 2003.

*Jennifer E. Hildebrand*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.

---

[10] Tenn. Code Ann. § 39-13-102 (b).
[11] Although the State argues that it is unclear whether the trial court sentenced Lewis under this provision, the State tendered the prior conviction for this purpose, and Lewis was in fact sentenced to the maximum allowable time in prison. See OCGA § 16-5-21 (b).
[12] See *Woodson*, supra; *Wallace v. State*, 175 Ga. App. 685, 687 (6) (333 SE2d 874) (1985).