**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 8, 2018**

# In the Court of Appeals of Georgia

A18A1141. WILLIAMS v. THE STATE.

ELLINGTON, Presiding Judge.

A Henry County jury found Khary Williams guilty beyond a reasonable doubt of four counts of aggravated assault, OCGA § 16-5-21 (a) (2) (with a deadly weapon). Following the denial of his motion for new trial, Williams appeals, challenging the sufficiency of the evidence disproving his affirmative defense of justification. For the reasons provided below, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence showed the following. For about a year preceding the incident at issue, Williams lived with

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

his fiancée and her four children in Henry County. Williams was unemployed and his fiancée paid the household bills.

On May 14, 2014, Williams' fiancée drove Williams around town in search for employment. At home that evening, they argued about Williams' refusal to apply for positions at all but one of the businesses they visited that day. Williams' fiancée asserted that she had caught Williams lying about putting in a job application at Papa Johns. As the argument escalated, Williams forcefully tried to remove the engagement ring from his fiancée's finger. Relenting, she removed the ring herself, and, after she handed it to Williams, he proceeded to throw the ring into the yard. Williams' fiancée then demanded that Williams leave her house.

During the altercation, three of the fiancée's children were walking home from the bus stop. As the children arrived at the house, Williams' fiancée told them to get in the car and to stay there because they were about to leave. She then left the children in the car parked in the garage and made a second attempt at demanding that Williams leave her house.

Williams walked away from his fiancée and went into their bedroom. Williams' fiancée heard a gun cock and then Williams walked back towards her with his hands behind his back. Fearing for her life, she ran back to the garage and cranked the car.

As she put the car into reverse, she heard gunshots. She frantically backed out of the garage, hit a tree, and momentarily blacked out. After she regained consciousness, she drove to a neighbor's house for help.

As a result of the shooting, Williams' fiancée sustained a bullet wound to her abdomen which required that her colon be repaired. Her son suffered a bullet wound to his fingers. Williams' fiancée and her son both have continuing issues arising from their injuries.

Williams admitted to investigators that he shot at the car occupied by the four victims until the gun was empty and that he then threw the gun at the driver's side window of the car with such force that the gun broke through the window and landed in the front seat. According to Williams, he walked to the garage and the shooting "just happened." Williams also stated that he was afraid of his fiancée and that she tried to hit him with the car.

Williams contends that the State failed to disprove his affirmative defense of justification. Specifically, he argues that the evidence presented at trial showed that his fiancée was attempting to run him over with her car and that the shooting was a justifiable act of self defense. Williams asserts that this was sufficient to raise a

reasonable doubt, and thus, the standard for a criminal conviction was not met in the present case.[2]

On appeal from a criminal conviction,

[the appellate court] view[s] the evidence in the light most favorable to the verdict[,] and an appellant no longer enjoys the presumption of innocense. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,* 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979) and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). In particular, the question of justification is a matter for the jury, and the appellate court

---

[2] See OCGA § 16-1-3 (1) ("'Affirmative defense' means, with respect to any affirmative defense authorized in [the Crimes and Offenses Code], unless the state's evidence raises the issue invoking the alleged defense, the defendant must present evidence thereon to raise the issue."); *Bacon v. State,* 249 Ga. App. 347, 349 (1) (b) (548 SE2D 78) (2001) (An affirmative defense is a defense that admits the doing of the act charged "but seeks to justify, excuse or mitigate it. With an affirmative defense, the focus no longer becomes the act, itself, since such is admitted. Instead, the State's burden becomes the introduction of evidence that disputes, i.e., 'disproves,' the defendant's alleged justification/excuse for the act.") (punctuation and footnotes omitted).

defers to the jury's assessment of the weight and credibility of the evidence when a defendant relies on this affirmative defense. *Mosley v. State,* 300 Ga. 521, 524 (1) (796 SE2d 684) (2017); *Glenn v. State*, 296 Ga. 509, 511 (1) (769 SE2d 291) (2015).

Under OCGA § 16-3-20 (a) (1), "The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed[, inter alia,] [w]hen the person's conduct is justified under [OCGA §] 16-3-21[.]" OCGA § 16-3-21 (a) provides that, except as otherwise provided, "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force[.]" The evidence adduced at trial in this case authorized the jury to find that Williams intentionally fired a gun at his fiancée and her three children as they were sitting in his fiancée's car. "Deliberately firing a gun in the direction of another person constitutes aggravated assault." (Citations and punctuation omitted.) *Howard v. State*, 288 Ga. 741, 743 (1) (707 SE2d 80) (2011).[3] The jury was free to

---

[3] Under OCGA § 16-5-21 (b) (2), "[a] person commits the offense of aggravated assault when he or she assaults with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." See OCGA § 16-5-20 (a) ("A person commits the offense of simple assault when he or she either: (1) Attempts to commit

5

reject Williams' version of the events, that is, that he was afraid of his fiancée and she was trying to run over him, and the guilty verdicts show that the jury did not find his firing of the gun at the occupied car to be justified. *Mosley v. State,* 300 Ga. at 524 (1); *Glenn v. State*, 296 Ga. at 511 (1).[4] Accordingly, the trial court did not err in determining that the State carried its burden of introducing evidence that disproved Williams' alleged justification for his use of deadly force and that the evidence was sufficient to support his convictions for aggravated assault. *Howard v. State*, 288 Ga. at 743 (1) (firing a gun toward a crowd in a parking lot); *Bishop v. State*, 266 Ga. App. 129, 130 (1) (596 SE2d 674) (2004) (firing a gun into a truck occupied by two people); *Parker v. State*, 234 Ga. App. 137, 138 (505 SE2d 784) (1998) (firing a gun into a car occupied by four people).

*Judgment affirmed. Bethel and Gobeil, JJ., concur*.

---

a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.").

[4] See *Jackson v. State*, 329 Ga. App. 240, 242 (3), n. 4 (764 SE2d 569) (2014) (A defendant may assert justification in any instance "which stands upon the same footing of reason and justice as" the grounds specifically set out in the statute.) (citing OCGA § 16-3-20 (6)).