**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 12, 2019**

# In the Court of Appeals of Georgia

A18A1562. ROWLAND v. THE STATE.

McFADDEN, Presiding Judge.

Kenneth Rowland was tried before a jury and convicted of aggravated sexual battery, cruelty to children in the first degree, and three counts of incest. He appeals, challenging the sufficiency of the evidence, the denial of a motion for continuance, the denial of a special demurrer, and a jury instruction on cruelty to children. But we find sufficient evidence to support the jury's verdict, no abuse of discretion in denying a continuance, no error in denying the special demurrer, and no reversible error in the jury instructions as a whole. Rowland further asks for the case to be remanded to the trial court for a hearing on his claim of ineffective assistance of counsel; however, he has failed to identify any specific deficiencies by counsel, so no hearing on remand is needed. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

Rowland claims that there was insufficient evidence to support his convictions. The claim is without merit.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

*Hall v. State*, 335 Ga. App. 895 (783 SE2d 400) (2016) (citation and punctuation omitted).

So viewed, the evidence shows that K. R. is the adopted daughter of Rowland. When K. R. was five years old, Rowland started touching her on the buttocks. On one occasion in a car, Rowland had K. R. pull down her pants and he then rubbed her vagina with his fingers. On another occasion, Rowland got into bed with K. R., touched her breasts and buttocks, and tried to force her to rub his penis. Rowland first made K. R. perform oral sex when she was approximately 11 years old, pushing her to the floor of their kitchen and putting his penis in her mouth. After that, whenever Rowland molested K. R., he would try to force her to perform oral sex on him. Rowland also made K. R. watch pornographic movies on his computer.

When K. R. was about 16 years old, Rowland attempted to have sexual intercourse with her, but stopped when K. R. said that it hurt. Approximately a year later, in January 2014, when K. R. was seventeen years old, Rowland had sexual intercourse with her. During the incident, he pushed her on to a bed; pulled down her panties; touched her genital area with his fingers and mouth, inserting a finger into her vagina and licking her vagina; tried to put his penis in her mouth; pulled her on top of him and attempted unsuccessfully to insert his penis into her vagina. Rowland then made K. R. get on her hands and knees on the bed and penetrated her vagina with his penis. Several days later, K. R. told two friends about the sexual abuse by her father, and the mother of one of the friends subsequently reported the alleged abuse to the sheriff's department.

In challenging the sufficiency of the evidence, Rowland points to purported inconsistencies and conflicts in the evidence. However, any such conflicts or inconsistencies were matters for the jury to resolve. *Williams v. State*, 347 Ga. App. 171, 173 (818 SE2d 88) (2018). As our Supreme Court has explained, "resolving evidentiary conflicts and inconsistencies and assessing witness credibility are the province of the fact finder, not the appellate court." *Pittman v. State*, 300 Ga. 894, 897 (1) (799 SE2d 215) (2017) (citation and punctuation omitted). Accord *Jackson*

3

*v. State*, 347 Ga. App. 199, 201 (1) (a) (818 SE2d 268) (2018) ("It is the function of the jury, not the [c]ourt, to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony.") (citation and punctuation omitted). So "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the appellate court must uphold the jury's verdict." *Williams*, supra (citation and punctuation omitted). In this case, there was sufficient competent evidence to authorize the jury to find Rowland guilty of the crimes beyond a reasonable doubt, and therefore we must uphold the convictions.

2. *Continuance.*

Rowland contends that pursuant to OCGA § 17-16-6, the trial court erred in failing to grant a continuance based on an alleged discovery violation by the state. But under that statute, the trial court has broad discretion to fashion an appropriate remedy and we find no abuse of that discretion in this case.

The day before trial, counsel for Rowland objected to the trial going forward based on the state's alleged failure to give him a copy of the recorded forensic interview of K. R. The state's attorneys responded that they believed they had given defense counsel a copy of the approximate hour-and-a-half recording during discovery. The trial judge, noting that the state believed it had in fact provided the

4

recording and that it had an open-file discovery policy, nevertheless ordered the state to give defense counsel a copy of the recording that day so he could review it before the start of trial the next day. The state subsequently did not introduce the recorded interview into evidence at trial.

> When[, as in the instant case,] a criminal defendant elects to engage in reciprocal discovery under Georgia's Criminal Procedure Discovery Act, the [s]tate and the defendant are required to produce certain types of evidence and information. See OCGA § 17-16-1 et seq. If it comes to the attention of the trial court that either the [s]tate or the defendant has failed to comply with the requirements of the Act, the court has wide latitude in fashioning a remedy for such violation. OCGA § 17-6-6 [providing in pertinent part that if the state fails to comply, the court may order the state to permit the discovery, interview the witness, grant a continuance, or prohibit introduction of the evidence upon a showing of prejudice and bad faith]. As we have noted, this broad discretion allows such remedy as is warranted to ensure a fair trial. . . . The remedy a trial court fashions to cure a discovery violation is reviewed on appeal only for abuse of discretion.

*State v. Brown*, 333 Ga. App. 643, 647-648 (2) (777 SE2d 27) (2015) (citations and punctuation omitted). See also *Higuera-Hernandez v. State*, 289 Ga. 553, 557-558 (714 SE2d 236) (2011) ("In enacting [OCGA § 17-16-6], the legislature did not impose a rigid formulation or grant an exclusive remedy for a defendant or a fatal consequence to the [s]tate for failure to comply with the discovery mandates. Instead,

5

it cloaked the trial court with the discretion to use its own judgment to ensure a fair trial.") (citations and punctuation omitted).

Here, assuming for the sake of argument that there was a discovery violation, the trial court's remedy gave Rowland the opportunity to receive and review the recording before trial, Rowland has made no showing that such remedy was inadequate or that he was harmed by it, and the recording in question was not even introduced into evidence at trial. See *Bertholf v. State*, 224 Ga. App. 831, 832 (1) (482 SE2d 469) (1997) (defendant not harmed by state's failure to provide defense with copy of audiotape of defendant's confession because audiotape was not introduced into evidence). Under these circumstances, Rowland has failed to show that the trial court abused its broad discretion in denying a continuance. See *Phoenix v. State*, ___ Ga. ___ (2) (Case No. S18A1439, decided December 10, 2018) ("Without a clear showing of abuse of this broad discretion, this [c]ourt will not disturb a trial court's decision to deny a motion for continuance. And to be entitled to a new trial based upon the denial of a motion for a continuance, a defendant has the burden to show that he was harmed by that denial.") (citations and punctuation omitted).

3. *Special demurrer*.

6

Rowland argues that the trial court erred in denying his special demurrer seeking more specific date ranges for the crimes charged in counts one, two, four, five and twelve of the indictment. Counts one (incest based on sexual intercourse), two (incest based on oral sodomy), four (aggravated sexual battery for digital penetration of K. R.'s vagina), and five (cruelty to children for touching K. R.'s vagina) all alleged that the respective offenses occurred between January 1, 2014 and January 11, 2014. Count twelve (cruelty to children for making K. R. watch pornographic movies) alleged that the offense occurred between January 1, 2012 and January 14, 2014. Because the state showed that it could not allege more specific dates, we find no error.

> Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer. However, where the [s]tate can show that the evidence does not permit it to allege a specific date on which the offense occurred, the [s]tate is permitted to allege that the crime occurred between two particular dates. To that end, in meeting its burden of showing that it is unable either to identify a specific date on which an offense occurred or to narrow the range of possible dates, the [s]tate is required to present some evidence and may not rely solely upon argument by counsel or mere speculation.

*Watkins v. State*, 336 Ga. App. 145, 147-148 (2) (784 SE2d 11) (2016) (citations and punctuation omitted).

7

Here, the state met its burden at the special demurrer hearing by presenting testimony from an investigating officer explaining that the victim and other witnesses could not specify exact dates for the offenses and that they could not narrow down the range of dates any further than as alleged in the indictment. As the officer testified, based on the witnesses' statements, he narrowed down the range of dates as best he could. In denying the special demurrer seeking a more specific date range, the trial court found that "the [s]tate is doing the best they can with the type of crime[s] we're talking about."

"We conduct a de novo review of a trial court's ruling on a special demurrer in order to determine whether the allegations in the indictment are legally sufficient." *Herring v. State*, 334 Ga. App. 50, 52 (778 SE2d 57) (2015) (citation and punctuation omitted). Based on such review, we find that the evidence produced during the hearing "confirmed that the [s]tate was unable either to identify a specific date on which the offense[s] occurred or to [further] narrow the range of possible dates." *Watkins*, supra at 148 (2) (citations and punctuation omitted). As the range of dates alleged in the challenged counts of the indictment were legally sufficient, we affirm the trial court's denial of the special demurrer.

4. *Jury charge.*

8

Rowland complains that the trial court erred in charging the jury on the entire statutory definition of cruelty to children in the first degree, rather than charging only the portion of the statute dealing with maliciously causing cruel or excessive pain to a child as alleged in the indictment. See OCGA § 16-5-70 (a) & (b). Rowland maintains that the trial court's charge improperly allowed the jury to find him guilty of the crime based on a manner not set forth in the indictment. Considering the jury charge as a whole, we find no reversible error.

> Jury instructions must be read and considered as a whole in determining whether a charge contained error. Absent a remedial instruction, reversible error can occur if a jury charge recites the entire statutory definition of a crime, thereby informing the jury that a crime may be committed in more than one manner, when the indictment avers that the crime was committed only in one specific way. [But i]n this instance, the trial court did not err in charging the entire language of [the statute] pertaining to the offense of cruelty to children, as the jury was also given an instruction which confined the elements of the crimes charged to those material allegations in the indictment.

*Hendrix v. State*, 230 Ga. App. 604, 606 (2) (497 SE2d 236) (1997) (citations and punctuation omitted), overruled in part on other grounds by *Watson v. State*, 297 Ga. 718, 721 (2) (777 SE2d 677) (2015). "When an entire statutory definition is given, we will not find error if the instructions sufficiently limit the jury's consideration to the elements of the offense as charged in the indictment. [Cit.]" *Wiggins v. State*, 272

9

Ga. App. 414, 421 (5) (612 SE2d 598) (2005), reversed in part on other grounds, 280 Ga. 268 (626 SE2d 118) (2006).

Here, the indictment was sent out with the jury and the judge instructed the jury that the state had the burden to prove every material allegation of the indictment and every essential element of the crimes charged beyond a reasonable doubt. Under these circumstances, "[w]e discern no reasonable possibility that the jury was misled and [found Rowland guilty] of cruelty to children in a manner not alleged in the indictment." *Gore v. State*, 277 Ga. App. 635, 642 (5) (627 SE2d 198) (2006), disapproved in part on other grounds, *Johnson v. State*, 328 Ga. App. 702, 705 (1) n. 9 (760 SE2d 682) (2014). See also *Short v. State*, 276 Ga. App. 340, 349 (9) (623 SE2d 195) (2005) (any defect in charging entire statutory definition of crime was cured where the trial court provided the indictment to the jury and instructed that the state must prove all material allegations in the indictment and all essential elements of the crimes charged beyond a reasonable doubt).

5. *Ineffective assistance of counsel.*

In his final enumeration of error, Rowland claims that this appeal presents the first opportunity for him to raise an ineffectiveness of counsel claim, and he thus asks us to remand the case to the trial court for an evidentiary hearing on that claim.

10

However, Rowland has made no specific claims as to how his counsel was ineffective. Instead, he claims generally that there were failures to object to prejudicial evidence, to object to actions taken by the trial court, and to file motions before and during trial. But he has

> give[n] this [c]ourt no indication of what might have been raised in [the objections or] motion[s]. In essence, he leaves this [c]ourt to engage in a guessing game as to how [trial] counsel's representation, or rather lack thereof, might have amounted to ineffective assistance. Under these circumstances, [Rowland] has failed to show even a possibility of ineffective assistance, and there is no need for a hearing on remand.

*Tepanca v. State*, 297 Ga. 47, 51 (6) (771 SE2d 879) (2015). Accord *Serdula v. State*, 344 Ga. App. 587, 594 (3) (812 SE2d 6) (2018) (where appellant identifies no specific errors by counsel, we need not remand for an ineffectiveness hearing).

Rowland has cited *Mallon v. State*, 253 Ga. App. 51, 54 (5) (557 SE2d 409) (2001), for the proposition that we should remand the case for an evidentiary hearing even though he has failed to identify any specific errors by counsel. Indeed, in *Mallon*, before remanding the case for an evidentiary hearing, this court noted that the appellant's brief "fails to specify counsel's alleged deficiencies." Id. We hereby disapprove the language in *Mallon* to the extent it conflicts with our Supreme Court's holding in *Tepanca*, supra, by suggesting that an appellate brief which fails to specify

11

any deficiencies by counsel is sufficient to authorize remand for an evidentiary hearing on an ineffectiveness claim raised for the first time on appeal.

*Judgment affirmed. Rickman and Markle, JJ., concur.*