## A09A0110. SAVAGE v. THE STATE.
### (679 SE2d 734)

MIKELL, Judge.

Matthew Stephon Savage was convicted by a jury of sixteen charges arising out of the armed robbery of two Dollar General stores in Rome, Floyd County, one on North Broad Street (Counts 1 through 8) and the other on Dean Avenue (Counts 9 through 16).[1] He was sentenced to serve a total of 15 years in prison. On appeal from

---

[1] Savage was indicted with two co-defendants, Jasmine Nicole McCarrell and Tracy Ledai Cordero, for armed robbery (Counts 1 and 9), robbery (Counts 2 and 10), aggravated assault (Counts 3, 4, 11 and 12), false imprisonment (Counts 5 and 13), theft by taking (Counts 6 and 14), possession of a firearm during the commission of a crime (Counts 7 and 15), and burglary

the denial of his motion for new trial, Savage contends that the trial court erred by denying his motion to suppress in-court identification testimony; by admitting testimony concerning a videotape that was not available for trial; by denying his motion for a directed verdict on Count 1, the armed robbery of the North Broad Street Dollar General; and by denying his motion for severance of offenses. Finding no error, we affirm.

1. Savage contends that the trial court erred in denying his motion to suppress the in-court identification testimony of a cashier in the Dean Avenue store. Savage asserts that the cashier's identification was tainted by an impermissibly suggestive show-up at the police station, suggestive comments by police officers, and placement of the witness in the same holding cell as Savage when the witness failed to appear for the hearing on the motion.

Assuming that the pre-trial identification procedures were impermissibly suggestive, the issue is whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification.[2] If not, then the in-court identification was properly admitted.[3] To determine this issue, the trial court evaluated the following factors:

(1) the witness's opportunity to view the accused at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the accused; (4) the witness's level of certainty at the confrontation with the accused; and (5) the length of time between the crime and the confrontation.[4]

In reaching its decision, "the trial court is the trier of fact and must judge the credibility of the witnesses and the weight and conflict in the evidence."[5] Where evidence supports the trial court's ruling, it will not be disturbed on appeal.[6] Here, the evidence supports the ruling.

At the hearing held on Savage's motion to suppress the identification testimony, Charles Kendall Vandiver, the cashier, testified that on August 16, 2004, Savage and a "little short girl" entered the store and asked for toilet paper. Vandiver identified the girl at trial as

---

(Counts 8 and 16). McCarrell entered a guilty plea to two counts of robbery and testified against Savage at trial. The disposition of Cordero's case is not disclosed in the record.

[2] (Footnote omitted.) *Jones v. State*, 273 Ga. 213, 216 (2) (539 SE2d 143) (2000).

[3] Id.

[4] (Footnote omitted.) Id. See *Neil v. Biggers*, 409 U. S. 188, 199-200 (III) (93 SC 375, 34 LE2d 401) (1972).

[5] *Lowe v. State*, 264 Ga. 757, 758 (2) (452 SE2d 90) (1994).

[6] Id.; accord *Graham v. State*, 273 Ga. App. 187, 188 (1) (614 SE2d 815) (2005).

Jasmine McCarrell. According to Vandiver, Savage was "bouncing up and down" and said that he was about to defecate on himself. Vandiver retrieved some toilet paper from the bathroom, gave it to Savage, and returned to the cash register.

A few minutes later, Vandiver got a call over the radio/walkie-talkie from another employee, Charles Marc Gresham, that the store had been robbed. Gresham had been in the office opening the safe when McCarrell came in, held a gun to his neck, and blindfolded him. Although Gresham later heard a male voice, he could not identify Savage because of the blindfold.

After receiving the call, Vandiver tried to lock the doors. He heard people scuffling and then heard Savage say, "Oh, fuck, I'm not getting caught in here." Savage came up behind Vandiver and fled. The police were summoned to the store and told the victims to stay there.

Vandiver testified that about an hour after the robbery, the police called and said that they had caught the robbery suspects. The police asked Vandiver and Gresham to come to the police station and identify them. After waiting in a holding room for 15 or 20 minutes, Vandiver saw Savage walking out of the elevator. Savage was wearing a different shirt than the one he wore during the robbery, although he was wearing the same pants.

Eventually, the suspects were televised on a monitor. Vandiver positively identified Savage as the one who entered the store. According to Vandiver, "you couldn't mistake his hair. . . . [It] made him stand out." Vandiver described Savage's hair as done in twists, and stated that it had been bouncing up and down along with Savage when he asked for toilet paper.

On cross-examination, Vandiver testified that the previous day, he had failed to show up for the hearing, was taken into custody, and was placed in the same holding cell as Savage. Vandiver recognized him immediately and pointed him out to Gresham.

After weighing the testimony, the trial court considered each of the five factors outlined above[7] and denied the motion to suppress the identification testimony. Upon reviewing the transcript, we conclude that there is evidence to support the ruling that under the totality of the circumstances, there was not a substantial likelihood of misidentification. Vandiver had the opportunity to view, and speak to, Savage on two occasions in the store, first when Savage entered the store and asked for toilet paper, and second, when Vandiver gave him the toilet paper. Savage was standing approximately two arm lengths away from Vandiver each time they encountered each other.

---

[7] See *Jones*, supra.

Each encounter lasted ten to fifteen seconds, long enough for Vandiver to apologize for not having toilet paper in the bathroom. Moreover, Vandiver described the lighting in the store as brighter than in the courtroom. Vandiver was certain of his identification of Savage and accurately described his clothing and hair. No more than two hours elapsed between the crime and the confrontation. Under these circumstances, the trial court did not err in denying the motion to suppress Vandiver's in-court identification.

2. Savage next asserts that the trial court erred when admitting testimony concerning a security videotape that had been destroyed and was not available for trial.[8] This argument fails because Savage did not raise in the trial court the specific objection he now raises on appeal. During a pre-trial hearing on Savage's motion to suppress, a police officer testified that he viewed the robbery on the videotape. Defense counsel objected on the ground that the testimony violated the best evidence rule. The trial court overruled the objection. At trial, Vandiver, who had viewed the videotape, testified that he recalled the tape in its entirety, and he described the events depicted on the tape for the jury. Defense counsel moved for a mistrial, which was denied.

Subsequently, defense counsel only asserted two objections to the testimony; namely, that it violated the best evidence rule and that it was irrelevant. The trial court stated that it had "heard no other proferred legal basis . . . to sustain any objection." On appeal, Savage argues that the testimony violated his rights under the Confrontation Clause of the federal and state constitutions. But it is axiomatic that this Court cannot consider an objection raised for the first time on appeal. "Because this ground was not specifically raised by objection at trial, it will not be considered on appeal."[9] Thus, Savage has presented nothing for appellate review.

3. Savage next asserts that the trial court erred by denying his motion for a directed verdict on Count 1, the armed robbery of the North Broad Street Dollar General. Savage claims that the evidence of his guilt is insufficient because it is based on the uncorroborated testimony of his accomplice, McCarrell. As there is corroborating evidence in the record, we disagree.

"Although a conviction cannot rest solely on the uncorroborated testimony of an accomplice, corroboration requires only slight evidence from an extraneous source identifying the accused as a

---

[8] Vandiver testified that the security videotape automatically erases itself after seven days.

[9] (Citation omitted.) *Wallace v. State*, 279 Ga. 26, 27 (2) (608 SE2d 634) (2005).

participant in the criminal act."[10]

> The corroborating evidence may consist entirely of circumstantial evidence and may include defendant's conduct before and after the crime was committed. Whether the corroborating evidence is sufficient is a matter for the jury, and even slight evidence of corroboration connecting an accused to a crime is legally sufficient.[11]

In the case at bar, McCarrell testified that she and Savage entered the store; that she asked "the manager" to come to the back with her so that she could use the restroom; that she was looking for her backpack when the manager came through the door; that Savage grabbed the manager and held a gun on her; and that they tied her up. Becky Barnes, the assistant manager, and the person whom McCarrell confronted, corroborated McCarrell's testimony. Barnes testified that McCarrell had stated that she lost her backpack and asked Barnes to go to the bathroom and help look for it. Barnes then noticed that the office had been broken into, and when she started to walk away, a man came up behind her, placed his left hand over her mouth, pointed a gun at her right eye, and demanded money. Barnes gave the perpetrators the combination to the safe. They tied her up and told her to lie down on the floor. Barnes could not identify the man because he remained behind her.

Savage's identity, however, was corroborated by physical evidence. Savage, McCarrell, and the third defendant were stopped in Savage's vehicle after the Dean Avenue robbery. Bank deposit bags, store keys, and pay envelopes similar to the ones taken during the previous robbery at the North Broad Street store were recovered from the vehicle, along with McCarrell's backpack and numerous other items taken from the Dean Avenue store. The evidence was legally sufficient under the standard set forth in *Jackson v. Virginia*,[12] to sustain Savage's conviction on Count 1.

4. Finally, Savage asserts that the trial court erred by denying his motion for severance of the trial of Counts 1 through 8, involving the North Broad Street Dollar General, from the trial of Counts 9 through 16, involving the Dean Avenue Dollar General. We disagree.

In Georgia, "because of the great risk of prejudice from the joint disposition of unrelated charges, a defendant has a right to have offenses severed for trial where the offenses have been joined solely

---

[10] (Punctuation and footnote omitted.) *Clark v. State*, 294 Ga. App. 331, 333 (670 SE2d 131) (2008).

[11] (Footnote omitted.) *McDaniel v. State*, 289 Ga. App. 722, 723 (1) (658 SE2d 248) (2008).

[12] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

on the ground that they are of the same or similar character."[13] However, when one offense could be admitted during the trial of another offense to show a common motive, plan, scheme, or bent of mind, the trial court has the discretion to deny severance.[14] Thus, "[w]here the evidence of one crime would be admissible as a similar transaction in the trial of the other crime, or where the similarity of the offenses manifests a pattern, the trial court does not abuse its discretion in denying the motion for severance."[15] Here, the similarity of the robberies of the two stores manifested a pattern. They were committed within five days of each other and were perpetrated against Dollar General stores in the same city. The same method — a ruse about needing to use the bathroom — was used to distract store employees in both robberies. Each time Savage hid his face from the employee in the office near the safe. The offenses "were properly joined because they constituted a series of criminal acts closely connected by geography, time, and manner so as to constitute a scheme or plan of criminal conduct."[16] Accordingly, the trial court did not abuse its discretion in denying the motion for severance.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 14, 2009 —
RECONSIDERATION DENIED JUNE 16, 2009.

*Ronald G. Shedd*, for appellant.
*Leigh E. Patterson, District Attorney, John A. Tully, Assistant District Attorney*, for appellee.

---

[13] (Citation omitted.) *Carter v. State*, 261 Ga. 344 (1) (404 SE2d 432) (1991); accord *Eady v. State*, 182 Ga. App. 293, 296 (4) (a) (355 SE2d 778) (1987) (whole court).

[14] *Grimes v. State*, 280 Ga. 363, 365 (3) (628 SE2d 580) (2006); accord *Dills v. State*, 281 Ga. App. 484, 485-486 (636 SE2d 166) (2006).

[15] (Citation and punctuation omitted.) *Thrasher v. State*, 261 Ga. App. 650, 652 (3) (583 SE2d 504) (2003).

[16] (Citation omitted.) *Eady*, supra.