## S10A0780. GREESON v. THE STATE.
(700 SE2d 344)

HINES, Justice.

Jimmy Roger Greeson appeals his convictions for malice murder, theft by taking, and possession of a firearm by a convicted felon in connection with the fatal beating of Ray Carver, the elderly father of Greeson's former girlfriend. His sole challenge is that the evidence was insufficient to support a conviction for either malice murder or felony murder. Finding the challenge to be without merit, we affirm.[1]

---

[1] The crimes occurred on August 4, 2008. During the October 2008 term of court, a Bartow County grand jury initially indicted Greeson for malice murder; felony murder; theft by taking a motor vehicle; theft by taking a handgun; and possession of a handgun by a convicted felon. Subsequently, during the August 2009 term of court, a Bartow County grand jury re-indicted Greeson for: Count 1 – malice murder; Count 2 – felony murder while in the commission of aggravated assault; Count 3 – theft by taking a motor vehicle; Count 4 – theft by taking a handgun (a Colt .22 caliber revolver); Count 5 – theft by taking a handgun (a Smith and Wesson .38 caliber revolver); Count 6 – possession of a firearm by a convicted felon (a Colt .22 caliber revolver); and Count 7 – possession of a firearm by a convicted felon (a Smith and Wesson .38 caliber revolver). On August 31, 2009, the State filed its notice of intent to present evidence of prior convictions in aggravation of sentencing and to seek recidivist punishment. Greeson was tried before a jury September 29 - October 1, 2009 on Counts 1 through 5, and he was found guilty of these charges. Greeson then pled guilty to Counts 6 and 7. On October 27, 2009, Greeson was sentenced to life in prison on Count 1; ten years in prison on Count 3, to be served consecutively to the sentence on Count 1; ten years in prison on Count 4, to be served

Greeson contends that his actions in regard to the victim's death could support only a conviction for voluntary manslaughter. But, the jury found otherwise. The jury was given a special verdict form and directed to consider any mitigating circumstances which might authorize a verdict of Greeson's guilt for voluntary manslaughter, and it expressly rejected that verdict. When this Court reviews the sufficiency of the evidence, it does not re-weigh the evidence or resolve conflicts in witness testimony, but instead it defers to the jury's assessment of the weight and credibility of the evidence. *Curinton v. State*, 283 Ga. 226, 228 (657 SE2d 824) (2008). Our role is to examine the evidence under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Delacruz v. State*, 280 Ga. 392, 397 (3) (627 SE2d 579) (2006).

The evidence viewed in favor of the verdicts showed the following. Greeson had been in a romantic relationship with Ray Carver's daughter, Joyce Darnell, for approximately five years. Darnell terminated the relationship in July 2008, ordering Greeson to move out of the residence that they shared. Greeson tried to resume the romance even though he knew that Darnell had become involved with another man; Greeson wrote to Darnell and telephoned her with the conversations turning "hateful." During the course of the relationship with Darnell, Greeson borrowed approximately $6,000 from Carver. After Darnell and Greeson separated, Carver asked Greeson to repay the money. On August 4, 2008, Greeson went to Carver's house under the guise that he was going to pay the debt. Greeson brutally and fatally beat the aged Carver with, inter alia, Greeson's motorcycle helmet and a barbell. Greeson took two of Carver's handguns and fled in Carver's vehicle, driving it to Chattanooga, Tennessee, where he was subsequently arrested. At the time he was apprehended, Greeson had with him Carver's fully-loaded .38 caliber revolver and car keys. Greeson's clothing was covered with blood; DNA taken from a cutting of a blood stain on Greeson's blue jeans matched that of Carver, and Carver's vehicle was found in the parking lot of the motel at which Greeson was hiding.

Carver's body was found lying in a pool of blood on his living room floor. His face was "all smashed" to the point that he was not recognizable to the neighbor who made the grisly discovery. There

consecutively to the sentence on Count 3; ten years in prison on Count 5, to be served consecutively to the sentence on Count 4; five years in prison on Count 6, to be served consecutively to the sentence on Count 5; and five years in prison on Count 7, to be served consecutively to the sentence on Count 6. He was sentenced as a recidivist pursuant to OCGA § 17-10-7 (c) on Counts 3 through 7. The conviction on Count 2 stood vacated by operation of law. A notice of appeal was filed on November 17, 2009. The case was docketed in this Court in the April 2010 term and the appeal was submitted for decision.

were at least 15 distinct impact sites to Carver's head area, and he died from blunt force trauma to his head. Carver had also sustained approximately 19 separate impacts to his back and side, resulting in at least 21 fractures to 15 of his ribs. The blows to his back were caused by either an object heavy enough to inflict a crushing kind of impact or by "stomping." The wall near Carver's body was splattered with blood as was the carpet and furniture in that area. There was no sign of forced entry into the home. Greeson's motorcycle helmet, damaged and stained with Carver's blood, was found in Carver's garage; also found was a barbell stained with blood and imbedded with human hair. Greeson's motorcycle was discovered abandoned down the street from Carver's home.

In a statement to police, Greeson admitted hitting Carver, and stated that he "lost it" after Carver hit him with his walking cane, made a nasty comment about Greeson's mother, and called him a son of a bitch.

Even accepting Greeson's version of events, words alone cannot amount to the serious provocation required to reduce a killing from murder to voluntary manslaughter. *Riggins v. State*, 279 Ga. 407, 408 (2) (614 SE2d 70) (2005). As for the elderly victim also initially striking Greeson with his cane, the jury was authorized to find that this fell well short of showing the provocation for the resulting vicious attack by Greeson; the evidence permitted the jury to find that Greeson acted with malice in killing Carver. *Smith v. State*, 279 Ga. 172, 173 (1) (611 SE2d 1) (2005); *Mathis v. State*, 279 Ga. 100, 101 (1) (610 SE2d 62) (2005). Indeed, the evidence was sufficient to enable the jury to find Greeson guilty beyond a reasonable doubt of all the crimes for which he was convicted. *Jackson v. Virginia*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Kearston M. Gill*, for appellant.

*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.