S11A0993. DARVILLE v. THE STATE.

(715 SE2d 110)

THOMPSON, Justice.

Appellant Ryan Darville appeals from the denial of his motion for new trial following his conviction for the malice murder of Tommy Canavan and other related crimes.[1] After reviewing the

---

[1] The crimes occurred on the night of July 7, 2006. Darville was indicted by a Whitfield County grand jury on December 15, 2006, for charges of malice murder, felony murder while in the commission of armed robbery, armed robbery, and conspiracy to violate the Georgia Controlled Substances Act. Darville's jury trial commenced on August 14, 2007. The jury returned guilty verdicts on all counts. Darville was sentenced to life imprisonment for malice murder, a concurrent sentence of life imprisonment for the armed robbery count, and a concurrent sentence of ten years in prison for the conspiracy count. The felony murder count was vacated by operation of law into the malice murder count. *Malcolm v. State*, 263 Ga. 369, 371 (4) (434 SE2d 479) (1993). Darville filed a motion for new trial on September 12, 2007, which was amended on November 13, 2009, and March 26, 2010, and denied on May 18, 2010. A notice of appeal was filed on May 24, 2010. The appeal was docketed in this Court for the April 2011 term and orally argued on June 13, 2011.

record, we reverse Darville's conviction on the charge of conspiracy to violate Georgia's Controlled Substances Act and affirm his convictions on the remaining counts.

1. Viewed in the light most favorable to the verdict, the jury was authorized to conclude that on the day of the crimes Allen Norris and Tommy Canavan purchased several ounces of marijuana with the intent to resell a portion of the drugs. Marco Bautista, a friend of both Norris and Darville, set up a meeting between the two men at a local bowling alley so Darville could purchase the drugs. Darville and Jermaine Spivey then met with Norris and Canavan at a Dalton apartment complex where they inspected the marijuana. After some discussion about price, Canavan told Darville the price was $400, and he could "take it or leave it." Darville said he would "take it," pulled a gun from his waistband, and fatally shot Canavan in the upper chest.

We conclude the evidence was sufficient to enable a rational trier of fact to find Darville guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to Darville's argument, the jury's verdict on the charge of armed robbery is supported by the testimony of at least one witness who testified that Darville took the marijuana and ran away with it after shooting the victim. Although other witnesses testified differently, "[i]t was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (Citation and punctuation omitted.) *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009).

2. We agree with Darville, however, that his conviction for conspiracy to violate the Georgia Controlled Substances Act must be reversed. Under Georgia law, "[a] person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." OCGA § 16-4-8.

> A conspiracy may be shown by proof of an agreement between two or more persons to commit a crime. The existence of the conspiracy agreement may be established by direct proof, or by inference, as a deduction from acts and conduct, which discloses a common design on their part to act together for the accomplishment of the unlawful purpose. The existence of a common design or purpose between two or more persons to commit an unlawful act may be shown by direct or circumstantial evidence.

(Punctuation and footnotes omitted.) *Brooks v. State*, 281 Ga. 14, 15

(2) (635 SE2d 723) (2006). Our appellate courts have consistently held, however, that "the mere agreement of one person to buy contraband which another agrees to sell does not establish that the two acted in concert so as to support a finding of a conspiracy." *Pruitt v. State*, 264 Ga. App. 44, 47 (589 SE2d 864) (2003). This is because in an illegal drug transaction the purchaser and the seller are not acting together to commit the same crime and there is no joint design or purpose. Id. Compare *Hernandez v. State*, 182 Ga. App. 797, 800 (357 SE2d 131) (1987) (buy-sell transaction can support conspiracy conviction if supplier "fronts" contraband to recipient with expectation the latter will sell it and pay him from proceeds).

Here, the indictment charged Darville, along with six other co-indictees who were both purchasers and sellers in the drug transaction, with the offense of conspiracy to commit a violation of the Georgia Controlled Substances Act through "the sale, distribution and purchase of marijuana." See OCGA § 16-13-30 (j) (1). Included in the indictment is a list of overt acts taken in furtherance of the alleged conspiracy, essentially describing the individual and collective actions of all indictees in furtherance of both the sale and purchase of marijuana. The court subsequently charged the jury it could convict Darville for conspiring to violate the Controlled Substances Act if it determined he conspired with one or more other persons to "purchase, sell or distribute any quantity of marijuana." The court, however, failed to provide any limiting instruction informing jurors that the purchaser and seller in a drug transaction could not conspire together. Because the language of the indictment could be read to charge individuals with conspiracy who, under Georgia law, cannot conspire with one another to violate the Georgia Controlled Substances Act and because the court failed to eliminate the possibility for error by instructing jurors they would not be authorized to convict Darville of conspiracy based merely on his participation with the sellers in the drug transaction, we are compelled to reverse his conviction on the conspiracy charge.

3. Darville asserts the trial court improperly expanded the indictment by allowing the jury to convict him of felony murder using either armed robbery or conspiracy to violate the Controlled Substances Act as the underlying felony when the indictment charges him only with felony murder with armed robbery as the underlying felony. We conclude this issue is moot because Darville's felony murder conviction was vacated by operation of law based on his conviction for the charge of malice murder. See *Malcolm*, supra.

4. Finally, Darville contends he did not receive effective representation by trial counsel. In order to prevail on a claim of ineffective assistance of counsel, Darville must show both that counsel's performance was deficient and that the deficient performance was

prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). To meet the first prong of this test, he must overcome the strong presumption that counsel's performance fell within a "wide range of reasonable professional conduct," and that counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. Id. at 784. To meet the second prong, Darville must demonstrate there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different. Id. at 783. " 'We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) Darville argues trial counsel was ineffective by failing to object to the verdict form which instructed jurors to consider the lesser offense of voluntary manslaughter only if they found the defendant not guilty of malice murder and felony murder. For purposes of this opinion, we assume arguendo that an objection to the form of the verdict would have been meritorious. See *Cantrell v. State*, 266 Ga. 700, 702 (469 SE2d 660) (1996). Nevertheless, we find that if trial counsel had made a meritorious objection, there was no reasonable probability of a different outcome in the trial. Pursuant to OCGA § 16-5-2 (a), voluntary manslaughter occurs where one

> causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder.

The evidence in this case demonstrates Darville and the victim were engaged in a drug sale, and Darville fatally shot the victim after they were unable to reach an agreement on the price of the drugs. While this evidence may have been sufficient to authorize a jury charge on voluntary manslaughter, we find it was insufficient under the test applicable to claims of ineffective assistance of counsel to establish a reasonable probability that the jury would have returned a verdict of

guilty of voluntary manslaughter. See *Gresham v. State*, 289 Ga. 103 (3) (709 SE2d 780) (2011) (evidence of argument over money insufficient to show defendant acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. [Cit.]"); *Greeson v. State*, 287 Ga. 764, 766 (700 SE2d 344) (2010) (words alone cannot amount to serious provocation required to reduce killing from murder to voluntary manslaughter); *Wadley v. State*, 258 Ga. 465 (2) (369 SE2d 734) (1988) (when asserted error of failure to charge voluntary manslaughter is one step removed through claim of ineffective assistance of counsel, test is whether, absent the error of counsel, there is reasonable probability jury would have reached verdict of guilty of voluntary manslaughter). *Oglesby v. State*, 243 Ga. 690, 693 (256 SE2d 371) (1979) and *Caldwell v. State*, 221 Ga. 764 (3) (147 SE2d 298) (1966), cited by Darville for this Court's recognition of a jury's "inherent pardoning power," do not require a contrary result in that the jury here did not find Darville guilty of voluntary manslaughter.

(b) Darville also contends trial counsel was ineffective by failing to object to the absence of a charge instructing jurors that in order to convict him of felony murder they must specifically find the underlying felony had some connection with the homicide. Inasmuch as the jury found Darville guilty of malice murder and no conviction was entered on the felony murder charge, we find this enumeration of error to be moot.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

*Brian Steel*, for appellant.

*Kermit N. McManus, District Attorney, Sheila E. Gallow, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.