S11A1611. MUTAZZ v. THE STATE.
(722 SE2d 47)

CARLEY, Presiding Justice.

Appellant Said Mutazz and his co-indictee Walter Geter were charged with the malice and felony murder of Dontavious Wyman and with possession of a firearm during the commission of a crime. After being tried separately by a jury, Appellant was found guilty of all charges. The felony murder verdict was vacated by operation of law, and the trial court entered judgments of conviction on the remaining guilty verdicts and sentenced Appellant to life imprisonment for malice murder and to a consecutive five-year term for the weapons offense. A motion for new trial was denied, and he appeals.[*]

---

[*] The crimes occurred on October 9, 2005, and the grand jury returned an indictment on January 3, 2006. A mistrial occurred in December 2006. The jury found Appellant guilty on August 23, 2007, and the trial court entered the judgments of conviction and sentences on August 28, 2007. The motion for new trial was filed on September 10, 2007, amended on March 22, 2010, and denied on February 14, 2011. Appellant filed the notice of appeal on February 23, 2011. The case was docketed in this Court for the September 2011 term and was orally argued on October 4, 2011.

1. Construed most strongly in support of the verdicts, the evidence shows that Geter stole about 800 ecstasy pills from Appellant and split them with the victim and Marcus Tyler. Appellant threatened the victim for stealing the drugs. Geter later fought with the victim over the theft of Geter's microwave oven and video game console. Thereafter, the victim and Tyler assaulted and robbed Appellant of $1,200. Appellant subsequently showed Michael Jones a "Tech 9" pistol, stating that someone had robbed him and that "he had to handle him." Two days later in the evening, Appellant borrowed Michael Nester's car and pulled up where the victim was walking with Sherritta Johnson. The victim entered the car, Appellant drove off in the direction of Dunns Lane, and soon afterwards, Ms. Johnson heard gunshots in that direction. The victim was killed by multiple gunshot wounds, including eight to his head and face and nine to his neck, upper torso, and arms, all inflicted either by the same type of pistol which Appellant showed Jones or by a copycat pistol. The victim's body was found in the grass just off Dunns Lane.

Later that night, Appellant and Geter met Nester at a bar, where Geter indicated that he had just killed someone. Appellant subsequently asked Nester to provide a false alibi to law enforcement officers. Nester's car had entrance and exit holes, and the parties stipulated that blood found on the car and on Appellant's shoes belonged to the victim. Although Appellant testified that Geter killed the victim without any prior knowledge by Appellant of Geter's plan to do so and that Geter threatened to kill Appellant if he told anyone, Appellant admitted that he was present during the shooting but never summoned any assistance for the victim and that he provided a false alibi and repeatedly gave false statements to the investigator.

Reviewing the evidence in the light most favorable to the verdicts, we conclude that it was sufficient to exclude every reasonable hypothesis other than Appellant's guilt and to authorize a rational trier of fact to find him guilty beyond a reasonable doubt of the crimes for which he was convicted, either as the perpetrator or as a party to the crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, 288 Ga. 902-905 (1), (2) (708 SE2d 294) (2011); *Phillips v. State*, 287 Ga. 560, 562 (1) (697 SE2d 818) (2010).

2. Appellant contends that trial counsel rendered ineffective assistance by failing to offer evidence of a prior violent act by Geter, in support of Appellant's sole defense that Geter alone committed the murder. Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), "[i]n order to prevail on a claim of ineffective assistance of counsel, [Appellant] must show both deficient performance and actual prejudice." *Chapel v. State*, 270 Ga. 151, 158 (9) (510 SE2d 802) (1998). On appellate review of that

claim, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cits.]" *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

"A defendant is entitled to introduce relevant and admissible evidence implicating another person in the commission of the crime or crimes for which the defendant is being tried. [Cit.]" *Dawson v. State*, 283 Ga. 315, 316 (2) (658 SE2d 755) (2008).

> However, the proffered evidence must raise a reasonable inference of the defendant's innocence, and must directly connect the other person with the corpus delicti, or show that the other person has recently committed a crime of the same or similar nature. [Cits.]

*Klinect v. State*, 269 Ga. 570, 573 (3) (501 SE2d 810) (1998). The previous act which Appellant urges should have been introduced into evidence occurred 20 months before the victim's death when Geter struck and struggled with the female driver with whom he was riding, attacked the deputy sheriff who stopped the car, and unsuccessfully attempted to take his firearm. Unlike the crimes here, the previous incident did not involve any premeditation, prior relationship with the deputy, or use of a weapon to cause serious or fatal injuries. Other evidence admitted at trial connected Geter to the corpus delicti. Moreover, testimony from the deputy regarding the previous altercation is consistent with the participation of both Appellant and Geter as parties to the crime of murder. Even assuming that evidence of Geter's prior violent act would have been admissible, we conclude that Appellant has failed to show a reasonable probability that the outcome of the trial would have been different if his attorney had offered such evidence. See *Chatman v. State*, 306 Ga. App. 218, 224 (c) (702 SE2d 51) (2010). Accordingly, the trial court did not err in rejecting the claim of ineffective assistance of trial counsel.

3. Appellant further contends that the trial court erred in giving the suggested pattern jury instructions on mere presence and mere association, because one phrase contained in both of those instructions was misleading. However, Appellant requested both instructions, including the phrase "of which he now complains. 'A party cannot invite error by requesting a certain jury instruction, and then complain on appeal that the instruction, when given, is incorrect. (Cits.)' [Cit.]" *Madrigal v. State*, 287 Ga. 121, 123 (3) (694 SE2d 652) (2010).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 23, 2012.

*Brian Steel*, for appellant.

*R. Ashley Wright, District Attorney, Rex T. Myers, Charles R. Sheppard, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General*, for appellee.