S13A1213. THE STATE v. JACKSON.
(748 SE2d 902)

BENHAM, Justice.

The State brought this appeal pursuant to OCGA § 5-7-1 (a) (8), seeking this Court's review of the trial court's grant of a motion for new trial on the ground that the evidence was legally insufficient for the jury to convict appellee Marcus Jackson of murder and related charges for the death of the victim Brandon Horton.[1] Because the

---

[1] The crimes occurred on August 8, 2007. On November 16, 2007, appellee and his co-defendant Eskie Christmas were indicted by a Fulton County grand jury on charges of malice murder, felony murder (aggravated assault), aggravated assault with a deadly weapon, and possession of a firearm during the commission of a crime. Appellee and Christmas were tried together on April 6 through April 9, 2009, and a jury convicted them both on all counts. The trial court denied both of appellee's motions for a directed verdict. After his conviction, appellee moved for a new trial on April 20, 2009, and amended the motion on September 1, 2011, and on September 14, 2012. The trial court conducted a hearing on the motion for new trial, as amended, on September 14 and granted the motion on November 9, 2012, holding there was insufficient evidence as a matter of law to support the verdict.

trial court was reviewing the legal sufficiency of the evidence pursuant to *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979) and not pursuant to OCGA § 5-5-21, the trial court was not acting as the "thirteenth juror"[2] and could not weigh the evidence or otherwise exercise its own discretion. Rather,

> [w]hen evaluating the sufficiency of evidence [as a matter of law], the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.... [T]he evidence [is reviewed] in the light most favorable to the verdict, giving deference to the jury's determination on the proper weight and credibility to be given the evidence.

*Manuel v. State*, 289 Ga. 383, 384 (1) (711 SE2d 676) (2011) (citation and punctuation omitted). On appeal, this Court applies the same standard of review. See *Colzie v. State*, 289 Ga. 120, 121-122 (1) (710 SE2d 115) (2011). Applying this standard, we now reverse.

Construed in a light most favorable to the verdict, the evidence shows on August 8, 2007, appellee, who was a high school student, was at a social gathering in Union City. Appellee's cousin alerted appellee that the victim was playing basketball near the cousin's house in Fairburn. Appellee decided he wanted to confront the victim whom appellee believed had been "badmouthing" him and so appellee asked Eskie Christmas, who was in his thirties, to drive him to Fairburn. Christmas agreed and drove appellee and five other people from the social gathering to the Fairburn neighborhood where the victim was playing basketball with three other teenagers. One of the passengers in Christmas's vehicle testified that during the ride from Union City to Fairburn, appellee pulled out a gun and cocked it. As soon as Christmas parked his SUV, witnesses testified appellee got out of the vehicle, walked over to the victim, and hit the victim with the gun, causing the victim to fall to the ground. Appellee then started beating the unarmed victim. Meanwhile, some of the other people in the SUV exited and commenced scuffling with the victim's friends. Appellee dropped the gun and one of the victim's friends said he tried to recover it but was unable to do so because one of the people from the SUV was holding him back. Ultimately, Christmas picked up the gun, and a shot was fired. After firing the gun, witnesses said Christmas threw the gun into a nearby driveway. As the victim lay bleeding to death with a gunshot wound to the back of the head, a

---

[2] See *Ricketts v. Williams*, 242 Ga. 303, 304 (248 SE2d 673) (1978).

witness stated appellee said "[N-word], you're done." Appellee, Christmas, and the others returned to the SUV and left the scene. Once back in the vehicle, appellee asked where his gun was and called his cousin and asked him to retrieve the gun. A witness testified that Christmas made a statement to everyone riding in the SUV that he would hurt anyone who talked about the shooting.

At trial, the medical examiner testified the cause of the victim's death was a gunshot to the head. He stated there was stippling on the victim's scalp around the gunshot wound, a finding which indicated the gun was six to twelve inches away from the victim when fired. The firearms expert testified that the gun, despite having been dropped, was in working order. Although the magazine had fallen out of the gun when appellee dropped it, the gun still had a round in its chamber which caused the fatal shot. The firearms expert also said the gun had a heavy trigger pull.[3]

In its order granting appellee's motion for new trial, the trial court stated, ". . . there was no evidence that [appellee] directly committed or intentionally helped in the commission of the crimes charged." We disagree with the trial court's conclusion. "A person who does not directly commit a crime may be convicted upon proof that the crime was committed and that person was a party to it." *Powell v. State*, 291 Ga. 743, 744 (1) (733 SE2d 294) (2012) (citation and punctuation omitted). See also OCGA §§ 16-2-20 and 16-2-21. Criminal intent may be inferred from a party's " 'presence, companionship, and conduct before and after the offense . . . .' " *Powell* at 744-745 (citation omitted). See also *Williams v. State*, 291 Ga. 501 (1) (c) (732 SE2d 47) (2012); *Teasley v. State*, 288 Ga. 468, 469-470 (704 SE2d 800) (2011); *Allen v. State*, 288 Ga. 263 (1) (702 SE2d 869) (2010); *Cook v. State*, 314 Ga. App. 289, 290-291 (723 SE2d 709) (2012). In this case, the following conduct by appellee was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellee was a party to the crimes for which he was charged: appellee had a dispute with the victim; appellee had Christmas drive him to where the victim was located with the intent to confront the victim; appellee brought the gun used to kill the victim and cocked the gun while in the vehicle driven by Christmas; appellee pistol-whipped the victim; appellee stood over the victim after Christmas shot him at close range and made a statement indicating his approval of the shooting; and appellee fled from the scene with Christmas, leaving the victim for dead. See *Burgess v. State*, 292 Ga. 821 (1) (742 SE2d 464) (2013). The

---

[3] Specifically, the firearms expert stated that an average of eleven and a quarter pounds of force was required to be exerted on the trigger to cause the gun to fire.

trial court erred when it determined there was no evidence appellee "intentionally helped in the commission of the crimes charged." Accordingly, the trial court's judgment granting the motion for new trial is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013 —
RECONSIDERATION DENIED NOVEMBER 4, 2013.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Christopher M. Quinn, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*Alixe E. Steinmetz*, for appellee.