**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 17, 2021**

# In the Court of Appeals of Georgia

A21A0479. STATE v. DOWELL.

PIPKIN, Judge.

A jury found Desmond Tremaine Dowell guilty of numerous offenses arising out of the armed robbery of a convenience store in Albany, Georgia. Thereafter the trial court granted Dowell's motion for new trial and reversed his convictions, concluding that the evidence was insufficient to sustain the verdicts and, also, exercising its discretion as the "thirteenth juror." The State now appeals. We conclude that, while the trial court erred in concluding that the evidence was insufficient to sustain the verdicts, the trial court did not abuse its discretion in granting a new trial to Dowell under the "general grounds." Accordingly, we affirm in part and reverse in part.

The evidence adduced below established as follows.[1] On December 10, 2015, Pankajkumar Patel was working at the A & D Food Store in Albany, Georgia. Sometime around 7:40 p.m., Patel observed two men in his store, one of whom was armed with a black gun; Patel testified that he was "scared" by the sight of the firearm. One man was described as wearing a gray hoodie, khaki pants, white gloves, and had a gray scarf covering his face; the man who was armed wore all black, gray gloves, and a black ski mask. Patel was instructed to "lay down on the floor," and, when he did not immediately comply, he was pushed to the floor. The men took approximately $2,795 in cash from the store – some of which had previously been sorted and banded by store employees – and fled from the store in a silver Chevrolet sedan. A surveillance system captured the incident, and the video was viewed both by police and the jury.

Less than a half-hour later, officers discovered a silver sedan parked at a local apartment complex, approximately four-to-five miles away from the convenience store.

---

[1]Because we are reviewing the trial court's conclusion that the evidence was insufficient to sustain Dowell's convictions, we review the evidence in a light most favorable to the verdicts, even though this is not a direct appeal from Dowell's convictions. See *State v. Grier*, 309 Ga. 452, 456 (2) (847 SE2d 313) (2020) (reviewing evidence in a light most favorable to the verdict to conclude that "there was some evidence that would have authorized the jury to find sufficient corroboration of his testimony, notwithstanding that the trial judge as the thirteenth juror found corroboration wanting").

Three men were observed in the vehicle and were later identified as Dowell, Montavious Hunt, and Eugene Watkins; officers observed Dowell exit the vehicle from the rear passenger seat to speak with individuals in the area. Officers subsequently approached the vehicle to speak with the remaining occupants and, after smelling marijuana, detained the individuals and searched the vehicle; Dowell returned to the vehicle at this time. A search of the backseat yielded numerous articles of clothing that were consistent with what appeared to have been worn during the robbery, including white socks, khaki-colored pants, and a black shirt. Elsewhere in the car officers discovered a black firearm and a black mask; the mask was discovered on the floorboard of the front seat. Watkins and Hunt were found in possession of a large quantity of cash – totaling over $2800 – along with one of the store's cash bands. A search of Dowell's person revealed a pair of gloves – one grey and one blue – "tucked down in the cuff of his pants." Hunt eventually pleaded guilty to various offenses arising out of the robbery and testified for the State at trial. Hunt identified Watkins as the driver and Dowell as the gunman in robbery.[2]

---

[2] Although an officer testified that she observed Dowell exit from the backseat of the vehicle, Hunt testified that Dowell traveled in the front passenger seat following the robbery, which is where the black mask was discovered.

1. In its order granting Dowell's motion for new trial, the trial court concluded that "no slight evidence from an independent source was adduced at trial that identified Dowell as a participant in the armed robbery." We disagree.

"The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including prosecutions for . . . felony cases where the only witness is an accomplice, the testimony of a single witness shall not be sufficient." OCGA § 24-14-8. Evidence of corroboration "may be circumstantial[,] and it may be slight." *Johnson v. State*, 288 Ga. 803, 805 (2) (708 SE2d 331) (2011). Such "evidence need not be sufficient in and of itself to warrant a conviction, so long as it is independent of the accomplice's testimony and directly connects the defendant to the crime or leads to the inference of guilt." (Citations and punctuation omitted.) *Raines v. State*, 304 Ga. 582, 588 (2) (a) (820 SE2d 679) (2018). "The sufficiency of any corroborating evidence is for the trier of fact to decide." *Matthews v. State*, 284 Ga. 819, 820 (1) (672 SE2d 633) (2009).

Here, the testimony at trial established that Dowell was discovered in the getaway vehicle with Hunt and Watkins approximately 30 minutes after the robbery, that he was sitting within arm's reach of various items associated with the robbery – including a mask, black clothing, and a firearm – and was discovered with gloves

4

stashed on his person. While the trial court concluded that "[n]o testimony was presented . . . that connected those gloves with the robbery," this is simply erroneous. The jury heard evidence from a number of sources that Patel described the gunman as wearing "grey gloves," and one of the two gloves found on Dowell's person was grey. This evidence was sufficient to authorize the trier of fact to conclude that Hunt's testimony was corroborated. See *Savage v. State*, 298 Ga. App. 350, 353-354 (3) (679 SE2d 734) (2009) (testimony of accomplice sufficiently corroborated where defendant was stopped while driving his vehicle – in the company of his accomplices – with various items related to the robberies found in his vehicle); *Green v. State*, 298 Ga. App. 17, 21 (1) (679 SE2d 348) (2009) (testimony of accomplice sufficiently corroborated by defendant's physical proximity to contraband in accomplice's vehicle). Accordingly, we reverse the trial court's order to the extent that it reversed Dowell's conviction due to insufficient evidence. See *State v. Jackson*, 294 Ga. 9, 11-12 (748 SE2d 902) (2013) (reversing grant of motion for new trial on ground that the evidence was legally insufficient).

2. The State also argues that the trial court abused its discretion in granting Dowell a new trial on the general grounds, arguing that "[t]he evidence in this case did

5

not preponderate heavily against the verdict" and that "[t]his was not an exceptional circumstance that warranted the grant of a new trial." These arguments are unavailing.

> Even when the evidence is legally sufficient to sustain a conviction, a trial judge may grant a new trial if the verdict of the jury is "contrary to . . . the principles of justice and equity," OCGA § 5-5-20, or if the verdict is "decidedly and strongly against the weight of the evidence." OCGA § 5-5-21. When properly raised in a timely motion, these grounds for a new trial – commonly known as the "general grounds" – require the trial judge to exercise a broad discretion to sit as a "thirteenth juror." In exercising that discretion, the trial judge must consider some of the things that []he cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence. Although the discretion of a trial judge to award a new trial on the general grounds is not boundless – it is, after all, a discretion that should be exercised with caution and invoked only in exceptional cases in which the evidence preponderates heavily against the verdict – it nevertheless is, generally speaking, a substantial discretion.

(Citations and punctuation omitted.) *White v. State*, 293 Ga. 523, 524-525 (753 SE2d 115) (2013).

After presiding over Dowell's trial and considering his motion for new trial, the trial court issued a lengthy order questioning Hunt's credibility and the strength of the State's case. The trial court noted that Hunt had initially told investigators that neither

6

he nor Dowell were involved in the robbery; the trial court also highlighted Hunt's favorable plea deal with the State. With respect to the State's case as a whole, the trial court recounted that there was no physical evidence linking Dowell to the crime, that Dowell had no cash on him at the time he was apprehended, that the surveillance video "provided no indication of the identity of the perpetrators," that the victim could provide only a vague description of the armed robbers, and that the State had presented no evidence of any incriminating statements made by Dowell.

We have reviewed the entire record, and considering that the trial court was authorized, as the thirteenth juror, to discount Hunt's credibility and to question the strength of the State's evidence, and bearing in mind the standard of review set forth in OCGA § 5-5-50, we cannot say that the trial court abused its substantial discretion in granting Dowell a new trial on the general grounds. See *State v. Beard*, 307 Ga. 160, 165-166 (2) (a), (b) (835 SE2d 273) (2019).

*Judgment affirmed in part and reversed in part. Miller, P. J., and Hodges, J., concur.*